UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
:
In re: : Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : Case No. 08-13555 (SCC)
:
                Debtors. : (Jointly Administered)
:
---------------------------------------------------------------- X
:
LEHMAN BROTHERS HOLDINGS INC., :
: Adversary Proceeding
                Plaintiff, :
: No. 13-01431 (SCC)
   -against- :
:
DR HC TSCHIRA BETEILIGUNGS GMBH & :
CO KG, and KLAUS TSCHIRA STIFTUNG :
GGMBH, :
:
                Defendants. :
---------------------------------------------------------------- X

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Dr. HC Tschira Beteiligungs GmbH & Co KG and Klaus Tschira Stiftung GGmbH (collectively, the "**Tschira Entities**") answer the Complaint filed by Lehman Brothers Holdings Inc. ("**LBHI**") as follows:

### INTRODUCTION

1.     No response is required to paragraph 1, as it merely purports to summarize the Complaint. To the extent that a response is required, the allegations in paragraph 1 are denied.

### JURISDICTION AND VENUE

2.     Paragraph 2 consists of a conclusion of law to which no response is required.

3.     Paragraph 3 consists of conclusions of law to which no response is required.

4.     Denied.

5. Admitted.

6. Paragraph 6 consists of a conclusion of law to which no response is required.

7. Paragraph 7 consists of conclusions of law to which no response is required. To the extent any response is required, the allegations in paragraph 7 are denied.

## PARTIES

8. Admitted.

9. The allegations contained in paragraph 9 purport to characterize or paraphrase written documents; the Tschira Entities refer to those written documents, which speak for themselves, for their true and complete content and deny any paraphrasing or characterizations thereof. To the extent that any further response is required, the allegations of paragraph 9 are denied with the sole exception that the first two sentences of paragraph 9 are admitted.

10. The allegations contained in paragraph 10 are denied with the sole exception that it is admitted that Defendant Dr HC Tschira Beteiligungs GmbH & Co KG's office is located at Wiesenstrasse 2, 69190 Walldorf, Germany.

11. Admitted.

## BACKGROUND

12. The allegations contained in paragraph 12 purport to characterize or paraphrase written documents; the Tschira Entities refer to those written documents, which speak for themselves, for their true and complete content and deny any paraphrasing or characterizations thereof. To the extent that any further response is required, it is admitted that the Tschira Entities entered into each of transactions and agreements described in paragraph 12.

13. The allegations contained in paragraph 13 purport to characterize or paraphrase written documents; the Tschira Entities refer to those written documents, which speak for

themselves, for their true and complete content and deny any paraphrasing or characterizations thereof.  To the extent that any further response is required, the allegations of paragraph 13 are denied.

      14.    Admitted.

      15.    Denied.

      16.    Denied.

      17.    The allegations contained in paragraph 17 are denied with the sole exception that it is admitted that the Tschira Entities' representatives were in contact with Lehman representatives on September 11, 2008 in connection with the Tschira Entities' request that LBF transfer collateral to the Tschira Entities to secure LBF's obligations to them.

      18.    Denied.

      19.    The allegations contained in paragraph 19 purport to characterize or paraphrase written documents; the Tschira Entities refer to those written documents, which speak for themselves, for their true and complete content and deny any paraphrasing or characterizations thereof.  To the extent that any further response is required, the allegations of paragraph 19 are denied with the sole exception that it is admitted that Bernd Kammerlander is an employee of Aeris Capital, which serves in an advisory capacity to the Tschira Entities.

      20.    Denied, with the sole exception that it is admitted that in September 2008 Mr. Kammerlander requested that LBF transfer €300 to €400 million in connection with the Master Agreements (as the term is defined in the Complaint).

      21.    Denied.

      22.    The allegations contained in paragraph 22 purport to characterize or paraphrase written documents; the Tschira Entities refer to those written documents, which speak for

themselves, for their true and complete content and deny any paraphrasing or characterizations thereof.  To the extent that any further response is required, the allegations of paragraph 22 are denied with the sole exception that it is admitted that the Tschira Entities and LBF entered into the Amendments (as that term is defined in the Complaint) on or about September 12, 2008.

23. The allegations contained in paragraph 23 are denied with the sole exception that it is admitted that the Tschira Entities were not "mission critical" to Lehman's "attempt to preserve its on-going ability to conduct business," and that "Defendants played no such integral role in Lehman's operations."

24. The allegations contained in paragraph 24 of the Complaint purport to characterize or paraphrase written documents; the Tschira Entities refer to those written documents, which speak for themselves, for their true and complete content and deny any paraphrasing or characterizations thereof.  To the extent that any further response is required, the allegations of paragraph 24 are denied with the sole exception that it is admitted that the Amendments provided for the return of the collateral to LBF, under certain circumstances.

25. The allegations of paragraph 25 are denied with the sole exception that it is admitted that the amount of €100 million was transferred from LBHI's accounts to the Tschira Entities' accounts.

26. The Tschira Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.  To the extent that any further response is required, the allegations of paragraph 26 are denied with the sole exception that it is admitted that the Tschira Entities and LBF entered into the Amendments (as that term is defined in the Complaint) on or about September 12, 2008.

27. The Tschira Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27. To the extent that any further response is required, the allegations of paragraph 27 are denied.

28. The allegations contained in paragraph 28 include conclusions of law to which no response is required. To the extent that any response is required, the allegations in paragraph 28 are denied with the sole exception that it is admitted that LBHI filed for bankruptcy relief on September 15, 2008.

29. Denied.

30. The allegations of paragraph 30 are denied with the sole exception that it is admitted that the Amendments provided for the return of the collateral to LBF, under certain circumstances.

31. The allegations contained in paragraph 31 purport to characterize or paraphrase written documents; the Tschira Entities refer to those written documents, which speak for themselves, for their true and complete content and deny any paraphrasing or characterizations thereof. To the extent that any further response is required, the allegations of paragraph 31 are denied, with the sole exception that it is admitted that the Amendments (as that term is defined in the Complaint) provided for the return of the collateral to LBF under certain circumstances.

32. The allegations contained in paragraph 32 of the Complaint include conclusions of law, no response is required. To the extent that any response is required, the allegations in paragraph 32 are denied.

**FIRST CAUSE OF ACTION**

33. The Tschira Entities incorporate by reference their responses to paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34. Paragraph 34 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 34 are denied.

35. Paragraph 35 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 35 are denied, with the sole exception that it is admitted that the transfers at issue were made on September 12, 2008.

36. Paragraph 36 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 36 are denied.

37. Paragraph 37 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 37 are denied.

38. Paragraph 38 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 38 are denied.

39. Paragraph 39 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 39 are denied.

40. Paragraph 40 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 40 are denied.

41. Paragraph 41 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 41 are denied.

42. Denied.

43. Paragraph 43 consists of conclusions of law to which no response is required. To the extent a response is required, the Tschira Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43, and thus those allegations are denied.

44. Paragraph 44 includes conclusions of law to which no response is required. To the extent response is required, the allegations in paragraph 44 are denied with the sole exception that it is admitted that the transfers at issue were made one business day prior to LBHI filing for bankruptcy.

45. Paragraph 45 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 45 are denied.

46. Paragraph 46 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 46 are denied.

## SECOND CAUSE OF ACTION

47. The Tschira Entities incorporate by reference their responses to paragraphs 1 through 46 of the Complaint as if fully set forth herein.

48. Paragraph 48 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 48 are denied.

49. Paragraph 49 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 49 are denied.

50. Paragraph 50 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 50 are denied.

51. Paragraph 51 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 51 are denied.

52. Paragraph 52 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 52 are denied.

## THIRD CAUSE OF ACTION

53. The Tschira Entities incorporate by reference their responses to paragraphs 1 through 52 of the Complaint as if fully set forth herein.

54. Paragraph 54 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 54 are denied.

55. The allegations of paragraph 55 are denied with the sole exception that it is admitted that there existed creditors of LBHI on September 12, 2008.

56. Paragraph 56 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 56 are denied.

57. Paragraph 57 includes conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 57 are denied with the sole exception that it is admitted that the transfers at issue were made on September 12, 2008, which was one business day prior to LBHI filing for bankruptcy.

58. Paragraph 58 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 58 are denied.

59. Paragraph 59 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 59 are denied.

60. Paragraph 60 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 60 are denied.

61. Paragraph 61 consists of conclusions of law to which no response is required. To the extent a response is required, the Tschira Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61, and thus those allegations are denied.

62. Paragraph 62 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 62 are denied.

63. Denied.

64. The Tschira Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64, and thus those allegations are denied.

65. Paragraph 65 includes conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 65 are denied with the sole exception that it is admitted that the transfers at issue were made one business day prior to LBHI filing for bankruptcy.

66. Paragraph 66 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 66 are denied.

67. Paragraph 67 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 67 are denied.

## FOURTH CAUSE OF ACTION

68. The Tschira Entities incorporate by reference their responses to paragraphs 1 through 67 of the Complaint as if fully set forth herein.

69. Paragraph 69 consists of conclusions of law to which no response is required.

70. The allegations of paragraph 70 are denied with the sole exception that it is admitted that there existed creditors of LBHI on September 12, 2008.

71. Paragraph 71 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 71 are denied.

72. Paragraph 72 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 72 are denied.

73. Paragraph 73 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 73 are denied.

74. Paragraph 74 consists of conclusions of law to which no response is required. To the extent a response is required, the Tschira Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74, and thus those allegations are denied.

75. Paragraph 75 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 75 are denied.

## FIFTH CAUSE OF ACTION

76. The Tschira Entities incorporate by reference their responses to paragraphs 1 through 75 of the Complaint as if fully set forth herein.

77. Paragraph 77 consists of conclusions of law to which no response is required.

78. Paragraph 78 consists of conclusions of law to which no response is required.

79. Paragraph 79 consists of conclusions of law to which no response is required.

80. Admitted.

81. Paragraph 81 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 81 are denied.

82. Paragraph 82 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 82 are denied.

83. Paragraph 83 consists of conclusions of law to which no response is required.

84. Paragraph 84 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 84 are denied.

85. Paragraph 85 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 85 are denied.

## SIXTH CAUSE OF ACTION

86. The Tschira Entities incorporate by reference their responses to paragraphs 1 through 85 of the Complaint as if fully set forth herein.

87. Paragraph 87 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 87 are denied.

88. Paragraph 88 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 88 are denied.

89. Paragraph 89 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 89 are denied.

90. Paragraph 90 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 90 are denied.

91. Paragraph 91 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 91 are denied.

92. Paragraph 92 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 92 are denied.

## SEVENTH CAUSE OF ACTION

93. The Tschira Entities incorporate by reference the Answers to paragraphs 1 through 92 as if fully set forth herein.

94. Denied.

95. Paragraph 95 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 95 are denied.

96. Denied.

97. Paragraph 97 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 97 are denied.

## EIGHTH CAUSE OF ACTION

98. The Tschira Entities incorporate by reference the Answers to paragraphs 1 through 97 as if fully set forth herein.

99. Denied.

100. The allegations contained in paragraph 100 purport to characterize or paraphrase written documents; the Tschira Entities refer to those written documents, which speak for themselves, for their true and complete content and deny any paraphrasing or characterizations thereof. To the extent that any further response is required, the allegations in paragraph 100 are denied, with the sole exception that it is admitted that LBF and the Tschira Entities entered into the Amendments (as that term is defined in the Complaint).

101. The allegations contained in paragraph 101 purport to characterize or paraphrase written documents; the Tschira Entities refer to those written documents, which speak for themselves, for their true and complete content and deny any paraphrasing or characterizations thereof. To the extent that any further response is required, the Tschira Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101, and thus they are denied, with the sole exception that it is admitted that LBF and the Tschira Entities entered into the Amendments (as that term is defined in the Complaint) and

that LBHI transferred €100 million to the Tschira Entities on September 12, 2008 pursuant to the Amendments.

102. Paragraph 102 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 102 are denied.

103. Paragraph 103 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 103 are denied

104. Paragraph 104 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 104 are denied.

## NINTH CAUSE OF ACTION

105. The Tschira Entities incorporate by reference the Answers to paragraphs 1 through 104 as if fully set forth herein.

106. The allegations contained in paragraph 106 purport to characterize or paraphrase written documents; the Tschira Entities refer to those written documents, which speak for themselves, for their true and complete content and deny any paraphrasing or characterizations thereof. To the extent that any further response is required, the allegations in paragraph 106 are denied with the sole exception that it is admitted that LBHI transferred €100 million to the Tschira Entities on September 12, 2008 pursuant to the Amendments (as that term is defined in the Complaint).

107. The allegations contained in paragraph 107 purport to characterize or paraphrase written documents; the Tschira Entities refer to those written documents, which speak for themselves, for their true and complete content and deny any paraphrasing or characterizations thereof. To the extent that any further response is required, the allegations in paragraph 107 are

denied, with the sole exception that it is admitted that LBF and the Tschira Entities entered into the Amendments (as that term is defined in the Complaint).

108. The allegations contained in paragraph 108 purport to characterize or paraphrase written documents, the Tschira Entities refer to those written documents, which speak for themselves, for their true and complete content and deny any paraphrasing or characterizations thereof. To the extent that any further response is required, the Tschira Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108, and thus they are denied, with the sole exception that it is admitted that LBF and the Tschira Entities entered into the Amendments (as that term is defined in the Complaint) and that LBHI transferred €100 million to the Tschira Entities on September 12, 2008 pursuant to the Amendments.

109. The allegations contained in paragraph 109 of the Complaint purport to characterize or paraphrase written documents; the Tschira Entities refer to those written documents, which speak for themselves, for their true and complete content and deny any paraphrasing or characterizations thereof. To the extent that any further response is required, the allegations in paragraph 109 are denied.

110. Paragraph 110 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 110 are denied.

## AFFIRMATIVE AND OTHER DEFENSES

The Tschira Entities assert the following defenses without assuming any burden of proof that rests on Plaintiff as to any issue. The Tschira Entities also expressly reserve the right to plead additional defenses, including affirmative defenses, as appropriate as the case proceeds.

## FIRST AFFIRMATIVE DEFENSE

The Bankruptcy Court lacks authority to hear or determine claims asserted in the Complaint.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails, in whole and in part, to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by *res judicata* and collateral estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails to allege fraud with the required particularity.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff approved, ratified, and authorized the acts and transactions complained of and for which recovery is sought.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Tschira Entities' conduct was not the actual or proximate cause of any injury, loss, or damage to Plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained any damages as a result of the actions alleged in its Complaint.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by 11 U.S.C. § 548(c).

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail to meet 11 U.S.C. § 548(a)(1)(B).

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by 11 U.S.C. § 550(d).

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that they would provide duplicative recovery against the Tschira Entities by both LBF and LBHI.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Transfers are safe harbored and not subject to avoidance pursuant to sections 546(e) and (g) of the Bankruptcy Code.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert its claims for Unjust Enrichment, Constructive Trust, and Fraud.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for Constructive Trust, Unjust Enrichment, and Fraud are preempted by the safe harbor provisions of the Bankruptcy Code.

## RESERVATION OF RIGHTS

The Tschira Entities have not knowingly or intentionally waived any applicable affirmative defense and hereby reserve the right to amend this answer in order to assert additional defenses that become available or apparent during this litigation.

WHEREFORE, the Tschira Entities deny that Plaintiff is entitled to any relief and respectfully requests judgment dismissing the Complaint with prejudice and with costs and expenses to the Tschira Entities, and such further relief as the Court deems appropriate

Dated: New York, New York
       February 3, 2014

Respectfully submitted,

DECHERT LLP

By:   */s/ Allan S. Brilliant*
      Allan S. Brilliant
      David A. Kotler
      James M. McGuire
      Jeffrey T. Mispagel
      1095 Avenue of the Americas
      New York, NY 10036
      Telephone: (212) 698-3500
      Facsimile: (212) 698-3599

*Attorneys for Dr HC Tschira Beteiligungs GmbH & Co KG and Klaus Tschira Stiftung GGmbH*

# **CERTIFICATE OF SERVICE**

I, David A. Kotler, hereby certify that on February 3, 2014 a true and correct copy of the foregoing Defendants' Answer and Affirmative Defenses was served via electronic mail on the following counsel for Plaintiffs:

>Jayant W. Tambe
>Tracy V. Schaffer
>Jones Day
>222 East 41st Street
>New York, NY 10017
>
>*Attorneys for Lehman Brothers Holdings, Inc.*

>*/s/ David A. Kotler*
>David A. Kotler